# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TONY LEE JOHNSON, ) | Case No. 13-10462-JDL |
| ) | Chapter 13 |
| ) | |
| DEBTOR(S) ) | |

### DEBTOR'S OBJECTION TO PROOF OF CLAIM # 4
### AND AS AMENDED BY NOTICE OF MORTGAGE PAYMENT CHANGED
### FILED 05/03/2017, NOTICE OF OPPORTUNITY FOR HEARING
### COMBINED WITH NOTICE OF HEARING DATE

COMES NOW, the above-referenced debtor, by and through his attorney, and pursuant to 11 U.S.C. §502, Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 3007-1, objects to Proof of Claim #4 filed herein by Ocwen Loan Servicing LLC and as amended by Notice of Mortgage Payment Change filed by Freedom Mortgage Corp., on May 3, 2017. In support of the objection, Debtor states as follows:

1. Debtor filed his Chapter 13 case on February 12, 2013 and his Chapter 13 plan was confirmed by this court on April 9, 2013.

2. Debtor's ongoing mortgage payment and his arrears to Creditor is paid through the plan by the Chapter 13 Trustee.

3. Debtor's homeowners insurance is paid through his escrow account with the mortgage company. Property taxes is not included in the escrow account because Debtor is a100% disabled veteran and is exempt from paying his property taxes.

4. On April 4, 2013 a proof of claim {ECF Doc 4} was filed by Mortgage Investors Corporation listing mortgage arrears and an ongoing mortgage

payment amount of $573.70.

5. On January 15, 2014, Mortgage Investors Corporation filed a Notice of Mortgage Payment Change adjusting the payment from $573.70 to $586.36.

6. On January 6, 2015, Mortgage Investors Corporation filed a Notice of Mortgage Payment Change with a payment of $422.64 effective 2/1/15 due to a change in interest rate with no mention of an escrow shortage/overage.

7. On May 27, 2015, Ocwen Loan Servicing LLC performed an annual escrow account disclosure statement. However, it was not filed with the Court, provided to Debtor's counsel or to the debtor. The statement on page 3 indicates that there was a shortage in the escrow and a payment of $649.62 should have begun on 10-1-15. No Notice of Mortgage Payment Change was filed with the Court.

8. No escrow analysis was provided to the debtor, debtor's counsel or filed with the Court in 2016.

9. No Notice of Mortgage Payment Change was filed in 2016.

10. On July 26, 2016, an Order of Substitution was filed assigning the Claim of Mortgage Investors Corporation to Freedom Mortgage Corporation.

11. On January 10, 2017, a Notice of Mortgage Payment Change was filed by Freedom Mortgage Corporation adjusting the payment from $453.84 to $466.72 effective 2-1-17 due to a change in interest rate.

12. On May 3, 2017, a Notice of Mortgage Payment change was filed by Freedom Mortgage Corporation adjusting the mortgage payment from $571.23 to $1,162.02 effective June 1, 2017 due to an escrow shortage of $444.05 per

month.

13. On June 2, 2017, the Trustee filed his Motion to Dismiss for Nonfeasibility due to the increased mortgage payment.

14. Debtor recently received an annual escrow account disclosure statement dated June 19, 2017 from Freedom Mortgage advising his mortgage payment had been adjusted from $1,162.02 to $899.58 effective 7-1-17; however, no notice has been filed with the bankruptcy court. Said statement lists an escrow shortage of $5,323.31.

15. Real Estate Settlement Procedures Act Section 10 requires that an annual escrow analysis be performed on the mortgage account annually.

16. Federal Rules of Bankruptcy Procedure, Rule 3002.1(b) requires that Creditor shall file and serve on the debtor, Debtor's counsel and the Trustee a notice of any change in the monthly mortgage payment no later than twenty-one (21) days before a new payment in the new amount is due.

17. Federal Rules of Bankruptcy Procedure, Rule 3002.1© states that the holder of the claim shall service the Notice required in Rule 3002.1(b) within 180 days after the date on which the fees, expenses, or charges are incurred.

18. Freedom Mortgage has by its own failure to notify the Court of the escrow shortage for 2015 or 2016 created an large escrow shortage and now requires Debtor in May 2017 to pay a mortgage payment of $1,162.02 which Debtor cannot afford.

19. Due to the failure of Freedom Mortgage to notify Debtor, Debtor's counsel and the Court of the escrow shortage beginning in 2015, Freedom

Mortgage should be precluded from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding, unless the court determines that the failure was substantially justified or is harmless; or award other appropriate relief, including reasonable attorney's fees cause by the failure.

20. Freedom Mortgage has caused the Trustee to file Motion to Dismiss Debtor's case for nonfeasibility due to the Notice in Change in Mortgage payment filed May 3, 2017.

WHEREFORE, the Debtor requests as follows:

1. That Freedom Mortgage be required to pay the entire escrow shortage in Debtors account as of June 19, 2017 in the amount of $5,328.61.

2. That Freedom Mortgage be precluded from asserting that any escrow shortage exists as of June 19, 2017.

3. That the Court determine that Freedom Mortgage's failure to timely and property calculate Debtor's escrow account balances was not substantially justified as was not harmless.

4. That Freedom Mortgage be ordered and directed to deem Debtor's escrow account balances and mortgage payments due as fully funded and current as of May 3, 2017.

5. To determine that Debtor's monthly mortgage payment due to Freedom Mortgage is $571.23 effective May 1, 2017.

6. That Freedom Mortgage be ordered and directed to pay all of Debtor's attorney fees and expenses incurred as a result of and in connection with or

caused by the filing of the Notice of Mortgage Payment change filed May 3, 2017 including but not limited to the response filed to the Motion to Dismiss, this Objection to Claim and any Motion to Modify or any other responsive pleading filed or to be filed and any necessary discovery and court hearings.

7. For such other and further relief as the Court deems appropriate under the circumstances.

## NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to sustain the objection, or you wish to have your views considered, you must file a written response to the objection with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, Oklahoma, 73102 no later than 14 days from the date of filing of the objection. You should also serve a file-stamped copy of the response to the undersigned (and others who are required to be serviced) and file a certificate of service with the Court. If no response is timely filed, the Court may sustain the objection and strike the scheduled hearing without further notice. The time period for the filing of your Response above set forth includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).

## NOTICE OF HEARING

Notice is hereby given that if a response to the *Debtor's Objection to Claim* is filed, the hearing on the matter shall be held on **September 6, 2017**, at **9:45 a.m.**, in the Second Floor Courtroom of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, Oklahoma 73102. If no response it timely filed and the Court grants the requested relief prior to the above-referenced hearing date, the hearing will be stricken from the docket of the Court.

Respectfully submitted,

/s/ Anna L. Self
ANNA L. SELF, OBA #14575
8100 South Pennsylvania Ave., Suite B
Oklahoma City, Oklahoma 73159
Anna@AnnaSelfLaw.com
Telephone: (405) 631-5995
Facsimile: (405) 212-5034
Attorney for Debtor

## CERTIFICATE OF SERVICE

This is to certify that on the 17th day of July, 2017, a true and correct copy of the above and foregoing instrument was served as follows by U.S. Mail, first class, postage prepaid, on the following:

Tony Johnson,
1629 SW 68th Street
Oklahoma City, OK 73159

The following persons should have received notice of the above and foregoing instrument on the same day it was filed by the Court's CM/ECF Electronic Noticing System.

*John T. Hardeman
*Matthew J. Hudspeth, Attorney for Freedom Mortgage
*Jim Timberlake, Baer & Timberlake, Attorney for Freedom Mortgage
*Julie H. Thomas, Attorney for Mortgage Investors Corp.
*Michael J George, Attorney for Mortgage Investors Corp.
*Julie M. Ezell, Attorney for Oklahoma Tax Commission
*Robert J Hauge, Attorney for Mortgage Investors Corp.

**/s/ Anna L. Self**
**Anna L. Self**